Jeffrey D. Stevens (8496)
LaShel Shaw (13862)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Tel: 801-532-7840
Fax: 801-532-7750
Email: jstevens@parrbrown.com
lshaw@parrbrown.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| ACCESS 4 ALL, INC., a Florida Non-Profit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE COMMONS AT SUGARHOUSE, LLC, a Utah Limited Liability Company,<br><br>Defendant. | **ANSWER**<br><br>Case No. 2:16-cv-01075<br><br>Judge Paul M. Warner |

Defendant The Commons at Sugarhouse, LLC, by its attorneys, hereby answers the Complaint of Plaintiff Access 4 All, Inc. (the "Complaint").

**FIRST DEFENSE**

The Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND DEFENSE**

Defendant answers the specific allegations of the Complaint as follows:

1. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 1, and therefore denies them (hereinafter "deny for lack of information and belief").

2. Admit.

3. Defendant admits that its property is located in and does business within this judicial district. The remainder of Paragraph 3 appears to set forth a legal conclusion to which no response is required. To the extent any response is required, admit.

4. Paragraph 4 appears to set forth a legal conclusion to which no response is required. To the extent any response is required, admit.

5. Defendant denies that it has discriminated or that Plaintiff and its members have been harmed in any way by its actions. With respect to the remaining allegations of Paragraph 5, including the identity of Plaintiff, the identity of Plaintiff's members, and Plaintiff's purpose, deny for lack of information and belief.

6. Deny for lack of information and belief.

7. Deny for lack of information and belief.

8. Admit that Defendant operates and leases a shopping center located at the provided address. The remainder of Paragraph 7 appears to set forth a legal conclusion to which no response is required. To the extent a response is required, admit.

9. Deny for lack of information and belief the desires of Plaintiff's members and Plaintiff's beliefs. The remainder of Paragraph 8 appears to set forth a legal conclusion to which no response is required. To the extent a response is required, deny for lack of information.

10. Deny.

11. Deny for lack of information and belief what Plaintiff's member John Peterson has observed or encountered. Deny remaining allegations of Paragraph 11.

12. Paragraph 12 appears to set forth a legal conclusion to which no response is required. To the extent a response is required, deny.

13. Deny.

14. Deny.

15. Deny.

16. Paragraph 16 appears to set forth a legal conclusion to which no response is required. To the extent a response is required, deny for lack of information and belief.

17. Paragraph 17 appears to set forth a legal conclusion to which no response is required. To the extent a response is required, deny for lack of information and belief.

18. Paragraph 18 appears to set forth a legal conclusion to which no response is required. To the extent a response is required, deny for lack of information and belief.

19. Paragraph 19 appears to set forth a legal conclusion to which no response is required. To the extent a response is required, deny.

## **THIRD DEFENSE**

The Defendant denies each and every allegation of the Counterclaim not expressly admitted herein.

## **FOURTH DEFENSE**

Plaintiff lacks standing to assert the claims raised in the Complaint.

## **FIFTH DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**SIXTH DEFENSE**

Plaintiff's claims are moot.

**SEVENTH DEFENSE**

Plaintiff's claims are barred for failure to join necessary or indispensable parties, namely, the tenants who maintain and operate the relevant spaces.

**EIGHTH DEFENSE**

Plaintiff's claims are barred because, with respect to any particular architectural element that departs from accessibility guidelines, "equivalent facilitation" has been provided in the form of alternative designs and technologies that provide substantially the same or greater access to and usability of the facility.

**NINTH DEFENSE**

Plaintiff's claims are barred because the claimed violations are "de minimis" and non-actionable because they do not materially impair Plaintiffs' use of an area for an intended purpose.

**TENTH DEFENSE**

Plaintiff's claims are barred because Modification of the allegedly discriminatory features are structurally impracticable.

**ELEVENTH DEFENSE**

Defendant has made good faith efforts to comply with the ADA, including providing appropriate alternative access.

**TWELFTH DEFENSE**

Plaintiff has failed to mitigate its damages, if any.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in its favor, that it be awarded its costs, expenses, and attorneys' fees incurred in connection with this matter to the maximum extent provided under law, and for other further relief as the Court may determine is just and appropriate.

DATED this 16th day of November, 2016.

PARR BROWN GEE & LOVELESS

/s/ LaShel Shaw
Jeffrey D. Stevens
LaShel Shaw
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2016, the foregoing **ANSWER** was filed electronically via the Court's CM/ECF system, which served the following:

Kay Burningham
299 South Main Street, Suite 1300
Salt Lake City, Utah 84111
kay@kayburningham.com

Lawrence A. Fuller
Allen Fuller
FULLER, FULLER & ASSOCIATES
12000 Biscayne Blvd., Suite 502
North Miami, Florida 33181
lfuller@fullerfuller.com
afuller@fullerlawyers.com

/s/ LaShel Shaw