IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ACCESS 4 ALL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE COMMONS AT SUGARHOUSE, LLC,<br><br>Defendant. | ORDER IMPOSING SANCTIONS AND REASSIGNING CASE TO DISTRICT JUDGE<br><br>Case No. 2:16-cv-01075<br><br>Magistrate Judge Paul M. Warner |

Before the court is Plaintiff's Response to the court's November 15, 2016, Order to Show Cause.[1] Having reviewed Plaintiff's Response and the relevant law, the Court renders the following Order.

**BACKGROUND**

On October 20, 2016, Kay Burningham filed for the *pro hac vice* admission of Lawrence Fuller and Allen Fuller.[2] The Fullers' *pro hac vice* motions were materially incomplete. Allen Fuller's application was not signed by local counsel and failed to include all portions of the application required by the local rules.[3] Lawrence Fuller's application did not include all portions of the application required by the local rules and failed to include information regarding Lawrence Fuller's prior disciplinary action.[4] Therefore, on October 21, 2016, the court denied without prejudice the Fullers' motions for admission.[5]

[1] Dkt. No. 22.
[2] Dkt. Nos. 5, 6.
[3] *See* Dkt. No. 5.
[4] *See* Dkt. No. 6.
[5] Dkt. Nos. 8, 9.

In response, Ms. Burningham contacted the court to acknowledge the "extraordinarily sloppy work" submitted and to inquire about *pro hac vice* admission fees required on reapplication for admission. *See* Email from Kay Burningham to Judge Warner's Chambers (Oct. 25, 2016, 12:50 p.m.), attached as Exhibit A. Subsequently, on October 26, 2016, Ms. Burningham filed revised motions for *pro hac vice* admission for the Fullers.[6]

On November 15, 2016, the court denied Lawrence Fuller and Allen Fuller *pro hac vice* admission.[7] Lawrence Fuller and Allen Fuller have been admitted *pro hac vice* in this district five times since March 24, 2016. Therefore, the court found that the Fullers' frequent practice in the District of Utah circumvented the "occasional" practice contemplated by *pro hac vice* admission.[8]

Moreover, the court compared the Fullers' original *pro hac vice* motions with the revised motions and found additional misrepresentations in the Fullers' original motions. The Fullers' original motions, signed under penalty of perjury, erroneously stated that the Fullers had no prior *pro hac vice* admission in the District of Utah.[9] Ms. Burningham filed the Fullers' misleading and incomplete applications despite Ms. Burningham's direct involvement in the Fullers' prior admissions in this court.[10]

Additionally, the revised motions disclosed that in 2003, Lawrence Fuller was disciplined, in part, for filing inaccurate pleadings and having inadequate office procedures.[11] This court found Lawrence Fuller's disciplinary history, coupled with the haphazard nature in which the Fullers' applications were filed, served to "reinforce[]" the court's denial of *pro hac*

---

[6] Dkt. Nos. 10, 11.
[7] Dkt. No. 14.
[8] *Id.* at 2 (citing *Frazier v. Heebe*, 482 U.S. 641, 651 n.13 (1987)).
[9] *Id.* at 3–4.
[10] *See* Dkt. Nos. 8, 9, 14.
[11] *See* Dkt. No. 10 at 5–12.

*vice* admission.[12] Furthermore, the court ordered the parties to show why Lawrence Fuller, Allen Fuller, and Ms. Burningham should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure, the court's inherent sanctioning authority, or referred to the court's discipline committee.[13]

On November 29, 2016, counsel filed an Objection to Magistrate Judge Decision to the District Court[14] and a response to the court's Order to Show Cause.[15]

## DISCUSSION

After careful consideration, the court elects to impose sanctions on Lawrence Fuller, Allen Fuller, and Ms. Burningham for their grossly negligent misrepresentations to the court. In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court recognized that courts have inherent powers not "governed . . . by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43 (internal quotations and citation omitted). The Court also stated, "[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44–45; *see also In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (stating that courts have "inherent power" to "manage their affairs as an independent constitutional branch of government"); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172, 1179 (E.D. Pa. 1996) ("As part of its inherent power, a court has wide latitude in fashioning an appropriate remedy."). Moreover, the court is mindful of the court's important role in protecting the integrity and professionalism of the adjudicative process.

---

[12] *Id.* at 4 (finding that Lawrence Fuller's "disciplinary history makes the current issue even more troubling and reinforces the court's denial of *pro hac vice* admission").
[13] Dkt. No. 14 at 5.
[14] Dkt. No. 21.
[15] Dkt. No. 22.

Counsel's response to the Order to Show Cause attempts to minimalize and justify careless legal work rather than satisfy the court that sanctions are not warranted in this case. Specifically, counsel argues there are two reasons why the Fullers and Ms. Burningham should not be sanctioned. First, counsel argues that there is no Utah State Bar guidance or Utah District Court case specifically limiting the number of times during any period that an attorney may be admitted *pro hac vice*.[16] Counsel's argument is inapposite. In the context of sanctions, the court is not concerned with the amount of *pro hac vice* admission attempts made by the Fullers. Rather, the court is concerned with the grossly negligent manner in which the Fullers' applications were filed with the court.

Second, counsel dismisses their misleading filings as mere "clerical errors."[17] Additionally, Ms. Burningham and Lawrence Fuller place blame for the incomplete and misleading filings with their non-attorney assistants.[18] Remarkably, Allen Fuller did not submit an explanation as to why he signed a *pro hac vice* motion containing false information.

The court is troubled that counsel would engage in such neglectful legal work and then place blame with an assistant. It is well established that an attorney may not use a non-attorney assistant as a shield for careless work. Attorneys are required to provide assistants the "appropriate instruction and supervision concerning the ethical aspects of their employment . . . and should be *responsible for their work product*." Utah Rules of Pof'l Conduct R. 5.3 cmt. 2 (emphasis added); DUCivR 83-1.1(g) (adopting the Utah Rules of Professional Conduct); *see, e.g.*, *Mays v. Neal*, 938 S.W.2d 830, 835 (Ark. 1997) ("[W]hile a lawyer may delegate certain

---

[16] *Id.* at 1–2..

[17] *Id.* at 3; Dkt. No. 21 at 5. Additionally, counsel argues the court needs to find intent or bad faith to impose sanctions. Dkt. No. 22 at 4–6. However, as delineated above, the court has broad discretionary authority to fashion an appropriate sanction for any conduct which abuses the judicial process. *Chambers*, 501 U.S. at 44–45.

[18] Dkt. No. 22-1, ¶¶ 12, 14; Dkt. No. 21-3, ¶ 5.

tasks to his assistants, he or she, as supervising attorney, has the ultimate responsibility for compliance by the non-lawyer with the applicable provisions of the Model Rules."). Based on the declarations of Ms. Burningham and Lawrence Fuller, it appears to the court that counsel has failed to provide even minimal supervision of or training to their staff. This is especially concerning considering Lawrence Fuller's previous reprimand for maintaining inadequate office procedures.[19]

Moreover, the court is mindful of the important role local counsel plays in ensuring competent counsel before the court. Indeed, local counsel serves as a safeguard to ensure that non-local attorneys are in good standing and prepared to appear in the District of Utah. In this case, Ms. Burningham has acted as a rubber stamp and sought admission of the Fullers without carefully reviewing the Fullers' *pro hac vice* applications. Ms. Burningham's complacency circumvents her duty as local counsel in recommending *pro hac vice* admission.

Based on counsel's gross negligence and fruitless explanations, the court finds the following sanctions are appropriate. Lawrence Fuller and Allen Fuller must disclose the court's denial of *pro hac vice* admission, including the reasons for denial, any time Laurence Fuller or Allen Fuller seek *pro hac vice* admission in the District of Utah. This will require the Fullers to include a copy of the court's Order to Show Cause dated November 15, 2016, and a copy of this Order. Furthermore, Lawrence Fuller and Allen Fuller are required to disclose the court's denial of *pro hac vice* admission, regardless of whether the Fullers are ultimately successful in seeking admission in this case. Similarly, Ms. Burningham is required to disclose the court's denial of *pro hac vice* admission to the Fullers any time Ms. Burningham seeks the admission of Lawrence Fuller or Allen Fuller in the District of Utah, regardless of whether the Fullers are ultimately successful in seeking admission in this case. Like the Fullers, this will require Ms. Burningham

[19] *See* Dkt. No. 10 at 5–12.

to include a copy of the court's Order to Show Cause dated November 15, 2016, and a copy of this Order.

## CONCLUSION

Based on the forgoing, the court imposes sanctions on Lawrence Fuller, Allen Fuller, and Kay Burningham consistent with this Order. Additionally, this case is pending consent to be heard by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). In light of this Order and the pending objection to the court's denial of the Fullers' *pro hac vice* motions, the court orders the clerk of the court to reassign this case to a district judge for further proceedings.

IT IS SO ORDERED.

DATED this 7th day of December, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

# EXHIBIT A

**Fw: Access 4 all v. Sugarhouse Commons Case #: 2:16-cv-01075-PMW**
UTDecf Warner to: Alex Nelson 12/06/2016 01:31 PM
Sent by: Stacia Sidlow

----- Forwarded by Stacia Sidlow/UTD/10/USCOURTS on 12/06/2016 01:31 PM -----

| | |
|---|---|
| From: | "Kay Burningham" <kay@kayburningham.com> |
| To: | <utdecf_warner@utd.uscourts.gov> |
| Cc: | <david@kayburningham.com> |
| Date: | 10/25/2016 12:50 PM |
| Subject: | Access 4 all v. Sugarhouse Commons Case #: 2:16-cv-01075-PMW |

Dear Clerk,

It has come to my attention that there have been several errors in the filings on this case. I am hoping to begin to correct those which remain with this email and do apologize for the extraordinarily sloppy work. First, I have attached the summons in a word document as well as the .pdf format.

Secondly, we have revised the PHV applications for admission of both Larry and Allen Fuller. Those are ready to re-file with new orders to be emailed in as well. The question I have is whether it will be necessary to pay another $250.00 fee for each application. If there is any way to avoid those fees, it would be greatly appreciated.

Thank you in advance for any response you can provide.

Kay Burningham, Attorney at Law
299 South Main Street, Suite #1300
Salt Lake City, UT 84111
kay@kayburningham.com
(801) 415-9404

PRIVILEGE STATEMENT - The information contained in this electronic mail message including any attachments thereto, is confidential information intended only for the use of the individual or entity named above, and may be privileged. If the reader of this message is not the intended recipient, the employee, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us and delete the original message.

Summons Sugarhouse Commons.docx Summons Sugarhouse Commons.pdf