IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ACCESS 4 ALL, INC.,<br>a Florida Non-Profit Corporation,<br><br>              Plaintiff,<br><br>v.<br><br>THE COMMONS AT SUGARHOUSE, LLC,<br>a Utah Limited Liability Company,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER SUSTAINING OBJECTION TO MAGISTRATE JUDGE'S DECISION AND ADMITTING LAWRENCE A. FULLER AND ALLEN D. FULLER PRO HAC VICE; AND DENYING [30] MOTION TO STAY**<br><br>Case No. 2:16-cv-01075-DN<br><br>District Judge David Nuffer |

This case was originally assigned to Magistrate Judge Paul M. Warner, pending consent of the parties to the exercise of full civil jurisdiction under 28 U.S.C. § 636(c). Plaintiff's local counsel, Kay Burningham, filed motions to admit pro hac vice Lawrence A. Fuller and Allen D. Fuller as counsel in this case.[1] The pro hac vice motion for Allen Fuller was denied without prejudice because "Counsel failed to sign the motion and to include all portions of the application required under the local rules."[2] The pro hac vice motion for Lawrence Fuller was denied without prejudice because "Counsel failed to include all portions of the application required and failed to attach listed exhibits, including without limitation, discussion regarding applicant's being the subject of prior disciplinary action."[3]

---

[1] Motions for Pro Hac Vice Admissions and Consent of Local Counsel, docket nos. 5 and 6, filed October 20, 2016.

[2] Docket Text Order, docket no. 8, filed October 21, 2016.

[3] Docket Text Order, docket no. 9, filed October 21, 2016.

Ms. Burningham refiled motions to admit pro hac vice Lawrence A. Fuller and Allen D. Fuller as plaintiff's counsel.[4] Unlike the first motions, these refiled motions appear to substantially comply with DUCiv R 83-l.l(d) for admission pro hac vice.[5] However, the refiled motions were denied because "the applicants ha[d] exceeded the 'occasional' practice contemplated by pro hac vice admission."[6]

Plaintiff's counsel, Ms. Burningham, Lawrence Fuller, and Allen Fuller, filed an objection to the magistrate judge's decision.[7] Because the parties had not yet consented to the magistrate judge's exercise of full civil jurisdiction, the case was subsequently reassigned to the district court to resolve the objection.[8] On review of a magistrate judge's nondispositive order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[9]

Counsel object to the magistrate judge's ruling that their pro hac vice applications exceeded the occasional practice of pro hac vice admissions. While acknowledging that pro hac vice admissions may be discretionary,[10] counsel assert that "Utah has no cap on the number of

---

[4] Motion for Pro Hac Vice Admission and Consent of Local Counsel for Lawrence A Fuller, docket no. 10, filed October 26, 2016;  Motion for Pro Hac Vice Admission and Consent of Local Counsel for Allen D. Fuller, docket no. 11, filed October 26, 2016.

[5] While claiming that "applications for admissions pro hac vice were subsequently corrected," Objection at 7, Allen D. Fuller's latest application still erroneously states "None" in response to prior pro hac vice admissions in the District of Utah. However, he indicates "Please See Attached" and the attachment is a list of his appearances in five other cases in this district. *See* Motion and Application for Pro Hac Vice at 2-3, docket no. 11.

[6] Memorandum Decision and Order (Order) at 2, docket no. 14, filed November 15, 2016.

[7] Objection to Magistrate Judge [sic] Decision to District Court (Objection), docket no. 21, filed November 29, 2016.

[8] *See* General Order 11-001 ("Cases so assigned shall be deemed to be assigned to the Chief Judge and referred to the magistrate judge for the exercise of all authority under 28 U.S.C. 636 (b) as provided in DUCivR 72-2 (a)(6) during the period of time when the parties enter the case and decide whether to consent to the exercise of full civil jurisdiction under 28 U.S.C. § 636 (c).").

[9] Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

[10] Objection at 4-5.

times an attorney may be admitted pro hac vice."[11] Counsel correctly notes that neither the United States District Court for the District of Utah nor the Utah State Bar has a specific rule limiting the number of times an attorney may be admitted pro hac vice.[12]

Plaintiff's counsel cites a decision from the District of New Jersey[13] concerning the same issue regarding limitations on the number of pro hac vice admissions. In that case, the district judge found that the magistrate judge's order denying "pro hac vice admission on the basis that [the attorney had] appeared too many times was erroneous" because there was "no authority under [the] rules for the application of a numerical limitation on pro hac vice admission."[14] The same reasoning applies in Utah.

As the magistrate judge's order clearly describes, the first pro hac vice motions filed by counsel were clearly deficient, inaccurate, and misleading.[15] Consequently, those motions were properly denied without prejudice.[16] But the refiled motions substantially comply with the rules for pro hac vice admission. Because those rules do not limit the number of times an attorney may be admitted pro hac vice, the magistrate judge's order denying counsels' admission based on too many pro hac vice appearances was erroneous.

---

[11] *Id.* at 2.

[12] *Id.*

[13] *Whiteside v. Empire Plaza, LLC*, Civil Action No. 14-3062 (SRC)(CLW), 2014 WL 5437074 (D.N.J. Oct. 24, 2014).

[14] *Id*. at *4.

[15] Order at 3-4.

[16] Docket nos. 5 and 6.

**ORDER**

IT IS HEREBY ORDERED that the objection[17] is SUSTAINED and the portion of the order[18] denying pro hac vice admission is REVERSED.

IT IS FURTHER ORDERED that Lawrence A. Fuller and Allen D. Fuller are admitted pro hac vice in this case.

IT IS FURTHER ORDERED that Plaintiff's Motion for Stay of Proceedings[19] is DENIED.

Signed January 5, 2017.

BY THE COURT

_____

District Judge David Nuffer

---

[17] Docket no. 21.

[18] Docket no. 14.

[19] Docket no. 30, filed December 30, 2016.

4